IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Frederick Banks, Petitioner/Plaintiff

v. Comissioner of Indian Affairs;
Secretary of the Interior;
Conrad Graber, Warden FCI Safford;
Mr. McKenny, Mailroom Supervisor;
Ms. Germaine, Mailroom Worker;
Federal Bureau of Prisons;
United States of America;
Barack Obama; David J. Hickton, US Attorney;
Eric Holder; Laura S. Irwin, AUSA;
Senator John McCain; Kristine Malmgren Yeater, Paralegal Specialist
Senator Jon Kyle,
    Respondents/Defendants.

Civil Action No.

CIV 11-31 TUC (CKJ)

[Evidentiary Hearing Requested]

**JURY TRIAL DEMANDED**

PETITION FOR A WRIT OF MANDAMUS 28 USC § 1361

Appellant Frederick Banks ("Banks") moves the court for the following relief
First Banks moves the court to take judicial notice that the Bureau of Priso[ns]
a federal government agency recognizes him and classifies him as an American
Indian (see bop.gov at Inmate Locator #05711-068). Banks has Indian blood an[d]
has government recognition of his Indian status. See St. Cloud v. United
States, 702 F.Supp 1456, 1461 (DC SD 1988)(noting that under the Supreme Cou[rt]
test established in Rogers Blood and government recognition formally are
sufficient to "guide the analysis of whether a person is recognized as an
Indian" and that "a person may still be an Indian though not enrolled with a
recognized tribe". citing United States v. Broncheau, 597 F.2d 1260, 1263 (9th
Cir. 1979), cert denied, 444 US 859; United States v. Ives, 504 F.2d 935, 95[ ]
(9th Cir. 1974), vacated on other grounds 421 US 944 (1975); Ex parte Pero, [ ]
F.2d 28, 31 (7th Cir. 1938), cert denied, 306 US 643 (1939). Bank's great
grandmother was full blooded Lakota Sioux, his mother is 1/2 Lakota and Bank[s]
is 1/4th Lakota. Since Banks is also recognized by the federal government th[at]
he is an American Indian, Banks is an American Indian under Rogers.
 Pursuant to 18 USC § 3572(d)(3) Banks was required to notify the court [of]

any material change to his economic circumstances that affected his ability to pay the restitution. Upon receipt of such notice the court "may on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require". § 3572(d)(1) makes fines synonymous with restitution and special assessments because it states "A person sentenced to pay a fine or other monetary penalty, including restitution..." To the extent that the statute is ambiguous as to 3572(d) since Banks is an American Indian the Indian Canon of construction requires that the Court construe Ambiguties in statutes in his favor. Banks v. United States Parole Comm'n 2010 US App LEXIS 22065 (5th Cir. October 26, 2010)("Banks correctly notes that the Indian canon of construction requires statutes to be construed liberally in favor of the Indians and ambiguous provisions interpreted to their benefit." citing County of Yakima v. Confederated Tribes & Banks of Yakima Indian Nation, 502 US 251, 269 (1992)); Lewellyn v. Colonial Trust Co, 17 F.2d 36, 38 (3rd Cir. 1927)(citing Choate v. Trapp, 224 US 665 (1912)("The construction, instead of being strict, is liberal, doubtful expressions, instead of being resolved in favor of the United States, are to be resolved in favor of a weak and defenseless people, who are wards of the nation, and dependent wholly upon its protection and good faith".)

Banks moves the court for a writ of mandamus on the following issues:
1. The US Attorney, David J. Hickton, and AUSA Laura S. Irwin made material misrepresentations in their brief in USA v. Banks, No 10-2107 (3rd Cir) "Banks' true profession, the one that garners him the most money, is devising and executing Internet fraud schemes. To facilitate the scheme Banks convinced a friend, Heidi Baldt, to allow him to use her computer. Banks even explained to Baldt that he was evading federal law enforcement agents." "Banks convinced and paid a friend, Kerry Patuc, to open the South Craig Street account". "Banks snagged Microsharp..." Banks'...attempted intimidation of witnesses resulted in 2 additional levels for obstruction of justice..." All of these statements are lies that were made by Hickton, Irwin, and Kristine Malmgren Yeater willfully, purposely, intentionally and maliciously and damaged Banks.

2. Conrad Graber, Warden, Mr. McKenny, mailroom supervisor, and MS. Germaine, mailroom worker at FCI Safford, opened the legal mail containing the reply brief and appendix of the US Attorney in this case outside of Banks' presence even though it was legal mail. They stated that it's not legal mail. They also refused to provide Banks' with the legal judgment the US attorney filed with the appexdix and brief thereby obstructing Banks' access to the Court in violation of Due Process and The Right to access the Courts. They also violated Banks' First Amendment Right to Privacy. Staff could not point to any written policy authorized by the BOP to keep him from having his judgment. banks is no rat and he's no sex offender there is no reason for this unlawful activity. this was an unconstitutional defacto policy that obstructed this case.

Under the 1868 Sioux Treaty of Fort Laramie which was entered into after the Lakota Nation (Sioux) decimated the US Army it states "If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forewarded to the Commissioner of Indian Affairs at Washington city, proceed at once to cause the offender to be arrested and punished according ||o ||he laws of the United States, and also to reimburse the injured persons for the loss sustained." Art I Treaty of 1868 (Fort Laramie), 15 Stat. 649. Banks' moves the court to compel the Commissioner of Indian Affairs and the Secretary of the Interior to do it's duty and have the offenders arrested and punished according ||o the

[Respondents also state "Banks had three accounts with the Company, which allowed Banks to access CD Street's routing and account information" this a complete lie and fabrication made by respondents.]

laws of the United States and to reimburse Banks for his loss of his right to property in the amount of one million dollars in violation of 8 USC 1401(b).

In United States v. Wynn, 328 Fed.Appx 826, 828 (3rd Cir. 2009) The Court determined that as in this case where a district court via "judgment permits payments in installments, the statute (18 USC § 3572(d)) authorizes a district court to reschedule a fine payment due to a change in economic circumstances." citing United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Banks never stated he was simply seeking to have his restitution and special assessment payments modified while in prison. He wants them modified while in prison and after he gets out.

Since the district court had jurisdiction to modify banks' restitution and special assessment under 18 USC § 3572(d) the governments argument concerning that Banks' should have brought a 2241 Petition is MERITLESS.

WHEREFORE, The foregoing Motions and Petition should be granted. The case should be reversed and remanded along with all other relief sought by Appellant. Judgment should be entered for Banks and against the government in the amount of $1,000,000.00.

Respectfullu submitted,

Frederick Banks
FCI Safford
PO Box 9000
Safford, AZ 85548

APPELLANT/PLAINTIFF
Executed this day of 1/11/11 under the penalty for perjury. 28 USC § 1746.

Frederick Banks

(Since this document is executed under perjury this document is evidence of criminal wrong doing).

Certificate of Service

I hereby certify that on this 11th day of January, 2011 I served a true and correct copy of the foregoing by mail delivery upon the following:

Laura S. Irwin, AUSA
700 Grant Street
4000 US Courthouse
Pittsburgh, PA 15219

Frederick Banks

Frederick Banks
#05711-068
Federal Correctional Institution
PO Box 9000
Safford, AZ 85548

Special Mail

⇔ 05711-068 ⇔
Clerk Us District Court
405 W Congress ST
Suite 1500
Tucson, AZ - 85701
United States

85701+5058

12 JAN 11 PM 10 T

PHOENIX AZ 850

RECEIVED
JAN 13 2011
RICHARD H. WEARE, CLERK
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

USA FIRST-CLASS FOREVER